## PETERSIME v SMALL

Ohio Appeals, 2nd Dist, Darke Co

No. 398. Decided Dec 31, 1931

W. W. Teegarden, Greenville, for plaintiff in error.

Billingsley, Spidel & Mannix, Greenville, for defendant in error.

226

HORNBECK, J.

In Steele vs. Edwards, supra, the language which with the inuendo it was claimed libelous:

"I want you to call and settle for the fodder you were kind enough to take Saturday without permisison. Call and settle at once."

It was held that this did not impute the charge of larceny and it was further necessary that the allegation and proof be made in accord with the 3rd proposition of the syllabus heretofore quoted.

Whether the language complained of did bear the meaning ascribed to it by the inuendo and whether such meaning was intended is a question of fact for the jury. State vs Smiley, 37 Oh St, 37.

We believe that the evidence respecting the statement of the words set out in the petition and all the circumstances appearing in the conversation in connection therewith giving to the testimony that favorable intendment to the plaintiff which the jury had the right to give it, fairly establishes that when the defendant used the words set up in the petition he was charging the plaintiff with the theft of the fan blades.

Briefly it appears, that a short time before the accusation one of the employees of the defendant upon returning to the factory had seen a man inside the north double doors with something under his arm a part of which was exposed and which he described as like a piece of brass and looked like a fan blade. As the employee came into the building he states that he saw the Small brothers there. He reported what he had seen to his foreman. Investigation disclosed that eight fan blades had been stripped from an incubator in a manner which indicated that it had been recently done. When the report of what had been discovered was made to the defendant he said undoubtedly some of the boys had taken the blades. Thereafter when the plaintiff and his brother were called out of line at the factory and the questions put and charges made it was in the light of the knowledge which the defendant had regarding the disappearance of the fans. The statements made by the defendant to the plaintiff provoked conversation in which the plaintiff suggested and offered as Leo Small put it at page 63:

"Then my brother Robert asked him if he wanted,—well, he told him that if he wanted to go out and search the premises where he lived and go down and search my father's place, John Small that we would stay there until he came back and he could go up alone or take the law with him, either one he wanted."

To which reply was made by the defendant that he had proof enough and that such futher procedure was not necessary. And it was further stated that the defendant said he did not have need for any of their kind. This and more which is to be gleaned from the record disclosed that the inuendo attached to the charges was that the plaintiff was charged with theft.

We further find that there is evidence in this record tending to establish that persons other than the parties who heard the statements set forth in the original petition claimed to be slanderous, had knowledge that the fan blades were missing and had been informed that the fan blades had been taken under circumstances indicating that they had been stolen. At pages 93 and 159 of the record it appears that two witnesses, W. H. Long, whom the plaintiff says was present when the charges were made against him, and Lloyd Miller, who says he was present at that time, knew before the charges were made that the fans were missing under circumstances that they reasonably could have believed indicated that they had been stolen and therefore, could have understood from the words employed that the plaintiff was being charged with the theft of the fans.

The question then on the state of the record is, whether or not the court erred in permitting the amendment to the peti-

tion to be made at the time and in the situation presented when the motion for that purpose was granted. At the conclusion of the case and before argument the court gave at the request of the defendant, special charges 1A, 2 and 3.

### No. 1A

"The court charges you, that the plaintiff, before he can prevail in this case, must prove by a preponderance of all the evidence presented to you in the trial of the case, that the words the defendant is charged in the petition with speaking, were in fact spoken to plaintiff; that said words imputed to plaintiff the commission of a theft of a fan blade from the factory of Ira F. Petersime & Son; that said words were spoken in the presence and hearing of a person or persons other than the plaintiff and defendant.

The Court further charges that if you find that said words though spoken, do not impute to plaintiff the commission of a theft of a fan blade from the factory of Ira M. Petersime & Son, then, before you can find against the defendant, on account of such words, you must further find that prior to the time such words were spoken by the defendant, it had been asserted that an electric fan blade had been feloniously stolen from the factory of Ira M. Petersime & Son, and that the person or persons in whose presence and hearing said words were spoken, knew at the time he or they heard such words spoken that it had been asserted that an electric fan blade had been feloniously stolen, that said person or persons so hearing said words understood from such assertion and said words as so spoken by defendant, that the defendant was imputing to plaintiff the commisison of a theft of the fan blades."

### No. 2.

"The Court charges you as to the law, that the defendant had a legal right, upon information that a fan blade was missing from its place in Ira M. Petersime & Son's Factory to make an investigation as to what had become of the fan blade, and as to who, if anyone, was responsible for its removal.

And to that end, he had a right in his investigation, to interview any of the employees of Ira M. Petersime & Son as to their knowledge of, or connection with such disappearance; and in connection with such investigation, he had a legal right to call the attention of the employee so being interviewed, to any fact that had come to his knowledge, in any way related to the disappearance of the fan blade."

### No. 3.

"The Court charges you, as to the law, Ira M. Petersime & Son or either of the members of the firm had a legal right to discharge the plaintiff from their employ at any time and for any cause they, or either of them may deem sufficient, and you are not authorized to allow to plaintiff any damages on account of any such discharge as may have been made."

The effect of the verdict of the jury is to establish as proven under special charge No. 1, either, that the words set out in the petition were spoken to plaintiff in the presence of others than the parties and that they imputed theft to the plaintiff, or, if the words were spoken but did not impute theft to the plaintiff, that before the words were spoken it had been asserted that the fan blade had been stolen and that this was known to the parties who heard the words and because of such knowledge they understood that the words spoken imputed a charge of theft against the plaintiff.

Defendant by special charge No. 1A had an adjudication under the evidence of the subject matter which it was necessary to allege and prove upon his theory of the case and an adverse finding upon both or one of the two propositions embodied in this special charge. We cannot say upon which theory the jury found for plaintiff. If both were properly presented and there was evidence from which either might be established then, as the verdict is general and no interrogatories were submitted we cannot say which theory the jury adopted and the two issue rule applies. **Sites vs. Haverstick, 23 Oh St, 626; Oschner, Admr. vs. The Cincinnati Traction Co., 107 Oh St, 33.**

As there was evidence tending to support both theories of special charge No. 1, then defendant could not have been prejudiced by having an added theory as appearing in the second part of special charge 1A presented to the jury upon his application.

The only effect of the adjudication of the added theory was to prevent determination upon what theory the jury returned its verdict.

Giving to the trial court that wide latitude which it has to permit amendments to the pleadings to conform to the proof even after verdict we are constrained to say that under the circumstances no prejudice resulted to the defendant by the action of the Court.

Now can we say that the verdict was ex-

cessive in amount. Of course, the jury could have found for the defendant under the testimony or could have returned a verdict in a much smaller sum which we would not have been disposed to disturb. However, granting to the plaintiff the favorable consideration of the jury on his evidence, it could reasonably have found that the accusations against the plaintiff were not founded upon sufficient information or cause. The jury could have said under the evidence that neither the plaintiff nor his brother was at the factory on Thursday morning prior to the date when the slanderous words were claimed to have spoken.

On the day following the accusation after inquiry was made of the defendant by the Small Brothers whether or not he would reconsider their discharge and if they were found to be innocent reinstate them, reply was made that the matter was in the hands of a detective. The circumstances of the discharge were aggravated in the light of plaintiff's testimony. The extent of compensatory damages may have reached the amount of the verdict. The verdict indicates that the cause of defendants was most effectively protected by his counsel. There was evidence from which the jury could have found that express malice appeared.

We find no error in this record to the manifest prejudice of the defendant. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.